The opinion of the Court was delivered by
Dunkin, Ch.
The judgment, which the plaintiff’s seek to render available, was entered against the defendants intestate *482 in the Inferior Court of Wayne County, Georgia, on 30th December, 1839, and execution lodged 4th January, 1840 — a levy was made 28th December, 1842, which was exhausted 7th May, 1843, by sale, for the sum of eight dollars. No further action was taken on the execution until 9th April, 1852, when the Sheriff indorsed thereon “no property to be found.” In the' meantime, to wit, on 22d September, 1845, James C. Smith (one of the plaintiffs) indorsed on the execution a receipt in the following words: “Received on the within execution, from the hands of William Lane, eight dollars, this 22d September, 1845, (Signed) James C. Smith.” In Wardlaw vs. Gray, Dud. Eq. 85, it was ruled that a creditor could not prevent the bar of the statute of limitations by indorsing upon his demand a payment of a very considerable part of it. In the view, however, taken by the Court this becomes not Very important.
By an Act of Assembly, of the State of Georgia, passed in 1822, and amended by the Act of 1823, it is declared, that “all judgments, on which no execution shall be sued out, or on which execution, if sued out, no return shall be made by the proper officer for executing and returning the same within seven years from the date of the judgment, shall be void and of no avail.” These statutes came under the consideration of the Supreme Court of the State of Georgia in the case of Booth vs. Williams, 2 Kelly, 250, and it'was there determined that, according to the proper construction of these statutes, a return must be made by the proper officer on such execution every seven years, “not” (in the language of the Court) “ within seven years from the date of the judgment, but seven years from the date of the last entry,” otherwise it will be presumed to be satisfied. After the elaborate consideration of the subject, in Johnston vs. S. W. R. R. Bank, 3 Strob. Eq. 300, it is deemed only necessary to say (in the words of Chief Justice Marshall) that “we receive the construction given by the Courts of a State as the true sense of the law, and feel ourselves no more at liberty to depart from that construction *483 than to depart from the words of the statute.” No entry was made on this execution by the proper officer from 7th May, 1843, till 9th April, 1852, a period of nearly nine years, and the judgment must therefore be considered as satisfied.
It is ordered and decreed that the decree of the Circuit Court be reversed, and that the bill be dismissed.
Johnston and Wardlaw, CC., concurred.

Decree reversed.

(d)In South Carolina there is no statute fixing a period within which actions of debt on judgment shall be brought; and presumption of satisfaction from mere lapse of time does not arise until the full common law period of twenty years has elapsed. Now whatever may be the language of the Georgia statute, it would seem plain that it can only be regarded as a statute of limitations, or a statute altering the common law in relation to the presumption of satisfaction arising from the lapse of time — the validity of the judgment as a contract of record, or as evidence of indebtedness, imposing an obligation to pay, is not affected by it. As a statute of limitations it is well settled that it can have no operation beyond the limits of Georgia; Story, Confl. of Laws, § 576, and it would seem that as a law fixing a shoVt period for presuming satisfaction, it must stand upon the same footing. Story Confi. of Laws, g 582. Suppose instead of declaring that seven years should be the period for presuming satisfaction, it had declared that the common law period was too short, and had fixed sixty years as the time; would it have been anything more than a rule for the Georgia Courts? Laws affecting the validity and binding obligation of contracts follow them into other countries, but it is not so with statutes of limitation, and it may well be questioned whether a law altering the period for raising presumptions, or establishing other rules of evidence, can have any effect beyond the limits of the power which enacted it. This point does not appear to have been considered by the Court. R.